# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDSON, | CASE NO. 1:05-CV-01466-OWW-SMS-P |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS FILED ON MAY 23, 2006 (Doc. 8) |
| v. | |
| WASCO STATE PRISON, et al., | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND (Doc. 1) |
| Defendants. | |
| _____/ | |

I.    Order

    A.    Findings and Recommendations Vacated

       Plaintiff Anthony Richardson ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 18, 2005.  On May 23, 2006, after three court orders served by mail on plaintiff were returned as undeliverable, the court issued a Findings and Recommendations recommending dismissal of this action for failure to prosecute.  On June 8, 2006, plaintiff filed an objection stating that he had notified the court of the change in his address.  Although court records do not reflect receipt of an address change prior to June 8, 2006, the court shall vacate the Findings and Recommendations in the interest of justice and screen plaintiff's complaint.

    B.    Screening Requirement

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.      Plaintiff's Claim

The events at issue in this action allegedly occurred at Wasco State Prison, where plaintiff was incarcerated at the time.  Plaintiff names Chief Medical Officer Michael Songer, R.N. D. Vandermuelen, MTA Yohn, and Dr. Pham as defendants.  Plaintiff is seeking money damages.

///

In his complaint, plaintiff alleges that he suffers from a right inguinal muscle strain, a hernia, spondyiolisthesis with bilateral spondylolysis, and low blood sugar. Plaintiff alleges that he has not been provided with proper medical treatment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has not alleged any facts which would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment

1  does not give rise to a s 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981)

2  (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors

3  chose was medically unacceptable under the circumstances . . . and . . . that they chose this course

4  in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330,

5  332 (9th Cir. 1986) (internal citations omitted).

6      The court will provide plaintiff with the opportunity to file an amended complaint.  In his

7  amended complaint, plaintiff must link each defendant to an act or omission that rises to the level

8  of an Eighth Amendment violation.  With respect to defendant Songer, who holds a supervisory

9  position, plaintiff must allege some facts indicating that the defendant either: personally participated

10  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

11  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

12  of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>,

13  885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045

14  (9th Cir. 1989).  Under section 1983, liability may <u>not</u> be imposed on supervisory personnel for the

15  actions of their employees under a theory of <u>respondeat superior</u>, and when the named defendant

16  holds a supervisorial position, the causal link between the defendant and the claimed constitutional

17  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

18  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).

19      D.    <u>Conclusion</u>

20      The court finds that plaintiff's complaint does not state a claim upon which relief may be

21  granted under section 1983 for violation of the Eighth Amendment.  The court will provide plaintiff

22  with the opportunity to file an amended complaint curing the deficiencies identified by the court in

23  this order.

24      Plaintiff is informed he must demonstrate in his complaint how the conditions complained

25  of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d

26  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

27  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

28  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S.

1    362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,

2    743 (9th Cir. 1978).

3           Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

4    complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

5    supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once

6    plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

7    Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

8    of each defendant must be sufficiently alleged.

9           Accordingly, based on the foregoing, it is HEREBY ORDERED that:

10   1.      The Findings and Recommendations filed on May 23, 2006, is VACATED;

11   2.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

12           upon which relief may be granted under section 1983;

13   3.      The Clerk's Office shall send plaintiff a civil rights complaint form;

14   4.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

15           amended complaint; and

16   5.      If plaintiff fails to file an amended complaint in compliance with this order, the court

17           will recommend that this action be dismissed, with prejudice, for failure to state a

18           claim upon which relief may be granted.

19

20   IT IS SO ORDERED.

21   **Dated:    June 26, 2006**            _____/s/ Sandra M. Snyder_____
     icido3                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28